# IN THE BANKRUPTCY COURT OF THE UNITED STATES
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

In re:
**CECIL H. LEWIS Jr., and**　　　　　　　　Case No. 08-61679 wsd
**JENNIFER LEWIS,**　　　　　　　　　　　Chapter 13
　　　　　　　　Debtors.　　　　　　　　　HON. WALTER SHAPERO
_____/

## DEBTORS' OBJECTION TO THE
## PROOF OF CLAIM OF
## eCAST SETTLEMENT CORPORATION
## (PACER CLAIM NO. 22)

**NOW COME** the Debtors, **CECIL H. LEWIS Jr., and JENNIFER LEWIS**, by their attorney, GREGORY T. OSMENT, and pursuant to LBR 3007-1 objects to the Proof of Claim filed by eCast Settlement Corporation (PACER Claim No. 22) and in support thereof states as follows:

1. The Proof of Claim filed by eCast Settlement Corporation (PACER Claim No. 22) filed on December 30, 2008 claims a ssecured claim against the Debtors in the amount of $3,000.00 and an unsecured claim in the amount of $3,653.21.

2. That the Creditor claims to be an assignee of the account, however, the document evidencing authority for the assertion of the claim is incomplete as it does not contain the "Agreement for the Sale and Purchase of Forward Flow Bankruptcy Receivables dated as of April 17, 2003" and any amendments thereto. Therefore Debtors are unable to determine whether this specific account is included in this asserted assignment and otherwise determine

whether this assignment qualifies as a valid legal assignment under any state's law and on this basis the claim must be denied in its entirety.

3. That the Account Summary attached to the Proof of Claim does not comply with FRBP 3001(c).in that,

When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

* If the documents are too voluminous to attach to the proof of claim, the creditor must provide a statement itemizing the total amount of the debt and if the claim includes interest and fees in additional principal, must provide the agreement or other authority for the amount of validity of the charge. In re Vann, 321 B.R. 734 (Bankr. W.D. Wash. 2005)

* A credit card or consumer account creditor, in order for the proof of claim to be given prima facie effect, must attach an account statement containing the debtor's name, account number, the pre-petition account balance, interest rate, and a breakdown of the interest charges, finance charge and other fees that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined. In re Armstrong, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

4. That the Proof of Claim does not include a pre-petition breakdown of the total expenses comprising the balance claimed, a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt, or a copy of the agreement or other authority for the amount of validity of the charge.

**WHEREFORE**, the Debtors prays that this Honorable Court disallow the Proof of Claim filed by eCast Settlement Corporation (PACER Claim No. 22) on December 30, 2008 in its entirety and grant any further and other relief as this Court deems equitable and just.

DATED: February 23, 2013  /s/Gregory T. Osment

GREGORY T. OSMENT  P41385
Attorney for Debtors
13 Washington Street
Monroe, MI  48161
(734) 242-4441
gtoesq@sbcglobal.net

**IN THE BANKRUPTCY COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT**

In re:
**CECIL H. LEWIS Jr., and
JENNIFER LEWIS,**
               Debtors.
_____/

Case No. 08-61679 wsd
Chapter 13
HON. WALTER SHAPERO

**(PROPOSED)
ORDER DISALLOWING
THE PROOF OF CLAIM OF
eCAST SETTLEMENT CORPORATION
PACER CLAIM #22)**

    This matter came on for hearing upon the Objection to Proof of Claim filed by the Debtors pursuant to L.B.R. 3007-1 (E.D.M.), the Objection having been served with the Notice of Objection to Claim in accordance with the local bankruptcy rules, the requisite time for a response having passed, no response to the Objection having been timely filed and served, and the Court being otherwise sufficiently advised in the premises;

    IT IS HEREBY ORDERED that the Proof of Claim filed by eCast Settlement Corporation (PACER Claim No. 22), filed on December 30, 2008 is disallowed.

    IT IS FURTHER ORDERED that to the extent the Trustee has disbursed any funds to this Creditor on this claim, the Trustee shall not be required to recoup said funds.

# IN THE BANKRUPTCY COURT OF THE UNITED STATES
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-DETROIT

In re:

**CECIL H. LEWIS Jr., and**  Case No. 08-61679 wsd
**JENNIFER LEWIS,**  Chapter 13
                Debtors.  HON. WALTER SHAPERO

_____/

## NOTICE OF OBJECTION TO THE
## PROOF OF CLAIM OF
## eCAST SETTLEMENT CORPORATION
## (PACER CLAIM #22)

PLEASE TAKE NOTICE that the Debtors through their attorney Gregory T. Osment has filed with the Court the attached Objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before April 1, 2013 you or your lawyer must:

1. File with the court a written response to the objection, explaining your position at:*  United States Bankruptcy Court
   211 W. Fort Street, Ste. 2100
   Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

    Gregory T. Osment & Associates, 13 Washington Street, Monroe, MI 48161
    Tammy L. Terry, 535 Griswold, Suite 2100., Detroit, MI 48226.

2. Attend the hearing on the Objection, scheduled to be held on April 8, 2013 at 11:00 am. in Courtroom 1042, U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan, 48226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the court may deem that you do not oppose the objection to your claim, in which event the hearing' will be canceled, and the objection sustained.**

Dated: February 23, 2013                /s/Gregory T. Osment

Gregory T. Osment P41385
13 Washington Street
Monroe, MI 48161
(734) 242-4441
gtoesq@sbcglobal.net

**IN THE BANKRUPTCY COURT OF THE UNITED STATES**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
<u>**SOUTHERN DIVISION-DETROIT**</u>

| | |
|---|---|
| **In re:** | |
| **CECIL H. LEWIS Jr., and** | Case No. 08-61679 wsd |
| **JENNIFER LEWIS,** | Chapter 13 |
| Debtors. | HON. WALTER SHAPERO |
| _____/ | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 23, 2013, I served the following paper: *Debtors' Objection to the Proof of Claim of eCast Settlement Corporation (Pacer Claim No. 22), Proposed Order Disallowing the Proof of Claim of eCast Settlement Corporation (Pacer Claim No. 22), Notice of Objection to the Proof of Claim of eCast Settlement Corporation(Pacer Claim No. 22),* and this *Certificate of Service* on the following parties at these addresses:

    Bass & Associates, P.C., 3936 E. Ft. Lowell Suite 200, Tucson, AZ 85712.

By the following means:

    U.S. Postal Service.

Dated: February 23, 2013                  /s/ Gregory T. Osment
                                              Gregory T. Osment(P41385)
                                              Attorney for Debtors
                                              13 Washington St.
                                              Monroe, MI. 48161
                                              (734) 242-4441
                                              gtoesq@sbcglobal.net